UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY SADLER AND THREESA SADLER, as Next Friend of JOHN DOE, a Minor, | § § § | |
| Plaintiffs, | § | Civil Action No. 3:19-CV-01551-X |
| v. | § § § | |
| GREENVILLE INDEPENDENT SCHOOL DISTRICT, | § § § § § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This lawsuit stems from repeated, student-to-student sexual assault at an elementary school in Greenville ISD. The parents of the alleged victim sued Greenville ISD for violations of 42 U.S.C. § 1983 and Title IX (20 U.S.C. § 1681), seeking injunctive relief, compensatory damages, and attorney's fees. The 1983 claims include one for a substantive due process right to bodily integrity, failure to supervise school employees, and failure to train school employees. The Title IX allegations allege a claim for student-to-student harassment and a claim for failures to have policies that prevented the abuse. Greenville ISD moved to dismiss all but the Title IX claim for student-to-student sex discrimination [Doc. No. 7], and that motion is now ripe. The Court **GRANTS** the motion to dismiss and **DISMISSES WITH PREJUDICE**:

1

1. The parents' request for injunctive relief. The school district transferred the alleged abuser and swears that he is not allowed to use the restroom when other children are in it.

2. The substantive Due Process claim to bodily integrity. The Supreme Court has held that such claims extend to harm by government actors, not government protection from harm by private actors.

3. The failure to supervise claim under Section 1983. If there is no underlying constitutional violation, there can be no viable 1983 claim.

4. The failure to train claim under Section 1983. If there is no underlying constitutional violation, there can be no viable 1983 claim.

5. The Title IX policies claim. The Supreme Court has held that a failure to have sufficient policies violates an agency regulation, not a Congressional law, and does not give rise to a Title IX claim for money damages.

Nonetheless, the core of the parents' case remains: The Title IX student-to-student sexual harassment claim.

## I. Factual Background

The parents claim that a Greenville ISD employee saw a student touching their child's penis and forcing him to masturbate against his will when they were in the restroom. After a meeting with school officials, the officials told the parents they would report the unlawful conduct as required by law and craft and implement a safety plan for Doe. Greenville ISD reported the incident to Child Protective Services but not to law enforcement. The misconduct occurred again. The principal allegedly

admitted to the parents that the school had not reported the incident to law enforcement or implemented a safety plan. The assistant superintendent believed the matter had been reported and the school had implemented a safety plan.

The parents, as next friends of their child identified in this proceeding as John Doe, sued Greenville ISD for violations of 42 U.S.C. § 1983 and Title IX (20 U.S.C. § 1681), seeking injunctive relief, compensatory damages, and attorney's fees. The 1983 claims include substantive due process right to bodily integrity, failure to supervise school employees, and failure to train school employees. The Title IX claims allege a claim for student-to-student harassment and a claim for failures to have policies that prevented the abuse. Greenville ISD moved to dismiss all but the Title IX claim for student-to-student sex discrimination [Doc. No. 7], and that partial motion to dismiss is now ripe.

## II. Motion to Dismiss Standard

A court must dismiss a claim for which it lacks jurisdiction. FED. R. CIV. P. 12(b)(1). When a Rule 12(b)(1) motion is filed along with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional attack first.[1] A factual attack can allow the Court to go beyond the pleadings.[2] And the Court can resolve disputed facts. *Ramming*, 281 F.3d at 659. The party asserting jurisdiction bears the burden of proof for a motion under Rule 12(b)(1).[3]

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[2] *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).
[3] *Id.* at 161.

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor."[4] To survive a motion to dismiss, the parents must allege enough facts "to state a claim to relief that is plausible on its face."[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[7] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[8]

### III. Analysis

Greenville ISD moved to dismiss: (1) the remedy of injunctive relief due to lack of standing, (2) the substantive due process claim, (3) the failure to supervise claim, (4) the failure to train claim, and (5) the Title IX claim for failure to have appropriate policies. [Doc. No. 7]. The school district did not move to dismiss the Title IX student-to-student discrimination claim.

---

[4] *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2012)).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[8] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

## A. Injunctive Relief

To have standing to seek injunctive relief, the Sadlers must show "there is a real and immediate threat of repeated injury."[9] Greenville ISD submitted evidence that it: (1) permanently transferred the other student involved in the alleged sexual assaults to a different campus on March 29, 2019; and (2) implemented a procedure to prevent this other student from being in a restroom at the same time as any other student. The parents do not dispute this evidence but contend that the promise to keep the alleged abuser out of restrooms when other students are in them is a hollow promise and that there still could be other opportunities for John Doe's abuser to contact him in private.

The Court respectfully disagrees that these concerns confer standing to seek an injunction. Greeneville ISD has now made a promise to the Court that the situation will not reoccur on school grounds. If Greenville ISD breaks that promise, the parents are at liberty to seek injunctive and any other appropriate relief at that time. In any event, the scope of permissible injunctive relief could not extend to ensuring that Greenville ISD prevent such opportunities not on school property. Because there is no longer a real and immediate threat of injury because of the school district's steps, Doe now lacks standing to seek injunctive relief. *Smith*, 881 F.3d at 366.

---

[9] *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 (5th Cir. 2018) (*quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

## B. Due Process Claim

The parents claim that Greenville ISD violated Doe's liberty interest in his bodily integrity in violation of the Due Process Clause. But the parents allege not that a Greenville ISD employee committed the sexual assault but instead that they did not prevent a private actor from committing it. This is a bridge farther than the Supreme Court has interpreted the Due Process Clause to go. The Court has made clear that:

> nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law", but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.[10]

Accordingly, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197.

The parents counter by saying the Fifth Circuit has held there can be liability for failure to supervise that results in deliberate indifference to the constitutional rights of a child in *Doe v. Taylor Independent School District*.[11] However, *Doe* involved the underlying constitutional violation of a school employee assaulting a student—not a private actor assaulting a student. The Fifth Circuit in *Doe* clarified that "[t]his circuit held as early as 1981 that '[t]he right to be free of state-occasioned

---

[10] *DeShaney v. Winnebago County Dep't. of Social Servs.*, 489 U.S. 189, 195 (1989).

[11] 15 F.3d 443, 450 (5th Cir. 1994).

6

damage to a person's bodily integrity is protected by the fourteenth amendment guarantee of due process.'"[12]

The events giving rise to this lawsuit are undisputedly tragic. But the Supreme Court's has not expanded the Due Process Clause to make government liable for failing to protect persons against injury from private actors. As a result, the Court is required to **DISMISS WITH PREJUDICE** the parents' Due Process claim.[13]

### C. Failure to Supervise Claim

The parents allege that Greenville ISD is liable under Section 1983 for failure to train its personnel regarding how to properly react to a report of sexual abuse. "[W]ithout an underlying constitutional violation, there can be no § 1983 liability imposed on the [defendant]."[14] But as discussed above, the Supreme Court has held that there is no constitutional right for government to protect against harm from private actors.[15] Because the parents have not stated a constitutional violation, their failure to supervise claim necessarily fails.[16] As a result, the Court **DISMISSES WITH PREJUDICE** the parents' failure to supervise claim under Section 1983.

### D. Failure to Train Claim

The parents allege that Greenville ISD is liable under Section 1983 for failure to trains its personnel regarding how to properly react to a report of sexual abuse.

---

[12] *Id.* at 451 (*quoting Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981)).

[13] The Court need not reach Greenville ISD's remaining arguments on the Due Process claim.

[14] *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997) (emphasis omitted).

[15] *DeShaney*, 489 U.S. at 195–197.

[16] The Court need not reach Greenville ISD's remaining arguments on the failure to supervise claim. *Becerra*, 105 F.3d at 1048.

This claim suffers from the same legal barrier as the failure to supervise claim: Section 1983 claims require an underlying constitutional violation, and the parents have not pled a viable one.[17] As a result, the Court **DISMISSES WITH PREJUDICE** the parents' failure to train claim under Section 1983.

### E. Title IX Policies Claim

The parents allege that Greenville ISD is liable under Title IX for failure to have policies, procedures, practices, and customs in place to ensure Doe was not abused. The Supreme Court has implied a private right of action to recover money damages under Title IX, but only when a person with authority to rectify a Title IX violation has notice of the violation but refuses to take action to bring the school district into compliance with Title IX.[18] In other words, only intentional violations of Title IX give rise to money damages claims.[19] Agency-written federal regulations—not Congressionally-written federal law in Title IX itself—are what require entities to establish policies and procedures for sexual harassment claims. And the Supreme Court has held that a violation of regulations concerning policies "does not establish the requisite actual notice and deliberate indifference" needed to support a money damage claim and the failure to promulgate a policy "does not itself constitute 'discrimination' under Title IX."[20]

---

[17] The Court need not reach Greenville ISD's remaining arguments on the failure to train claim. *Becerra*, 105 F.3d at 1048.

[18] *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290–91 (1998).

[19] *Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 74–75 (1992).

[20] *Gebser*, 524 U.S. at 291–92.

The parents respond that they pled a sufficient claim of deliberate indifference to student-to-student sex discrimination. But Greenville ISD did not seek to dismiss the Title IX student-to-student discrimination claim. Rather, the only Title IX claim Greenville ISD moved to dismiss was for failure to have appropriate policies.

Greenville ISD has policies and procedures in place concerning sexual abuse, discrimination, and harassment, and it has included them in this record. Assuming for the sake of argument that these policies do not adequately protect against sexual abuse, this still does not trigger liability under Supreme Court standards because it amounts to a violation of an agency-written rule and not Congressionally-written law.[21] As a result, the Court **DISMISSES WITH PREJUDICE** the parents' Title IX policies claim.

### IV. Conclusion

The Court **GRANTS** the motion to dismiss and **DISMISSES WITH PREJUDICE**:

1. The parents' request for injunctive relief.
2. The substantive Due Process claim to bodily integrity.
3. The failure to supervise claim under Section 1983.
4. The failure to train claim under Section 1983.
5. The Title IX policies claim.

---

[21] The Court need not reach Greenville ISD's remaining arguments on the Title IX policies claim. *Gebser*, 524 U.S. at 291–92.

The core of the parents' case remains: the Title IX student-to-student sexual harassment claim.[22]

**IT IS SO ORDERED** this 18th day of February.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[22] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.