IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY SADLER and THREESA SADLER as Next Friend of JOHN DOE, a Minor<br>    Plaintiffs,<br>vs.<br><br>GREENVILLE INDEPENDENT SCHOOL DISTRICT, a governmental unit,<br>    Defendant. | §§§§§§§§§ | Civil Action No. 3:19-CV-1551-X (BH) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By order of reference dated April 29, 2021 (doc. 27), before the Court for recommendation is the *Guardian Ad Litem Report*, filed November 30, 2020 (doc. 26). Based on the relevant filings, evidence, oral argument and applicable law, the parties' proposed settlement should be accepted approved as being in the bests interests of the minor plaintiff.

## I. BACKGROUND

This civil rights action under 42 U.S.C. § 1983 arises from the alleged sexual abuse of a 6-year-old student by another student in a school bathroom, and the school's subsequent failure to protect the victim student from further abuse. (*See* doc. 1.) On June 27, 2019, Terry Sadler and Threesa Sadler, as next friend her minor son (Minor) (collectively Plaintiffs), sued the Greenville Independent School District (Defendant), alleging a violation of Minor's rights to substantive due process under the Fourteenth Amendment, as well as violation of 20 U.S.C. § 1681 (Title IX). (*Id.* at 8-12.)[1] After Defendant's motion to dismiss was granted, all of Plaintiffs' § 1983 and Title IX claims were dismissed, except for the Title IX student-to-student sexual harassment claim, which remains pending. (*See* docs. 7, 21.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On October 1, 2020, the parties gave notice that they had reached an agreement to settle the remaining claim and jointly moved for the appointment of a guardian ad litem to represent Minor's interests in the settlement. (*See* doc. 24.) The notice provided that the parties had agreed that Defendant would bear the fees and expenses of the guardian ad litem. (*See id.* at 2.) The motion was granted on October 7, 2020, and Brooke Ginsburg Guerrero was appointed as guardian ad litem (GAL) to represent Minor's interests. (*See* doc. 25.) On November 30, 2020, GAL filed a report summarizing her investigation and findings, opining that the agreed settlement amount is fair and reasonable and in the best interests of Minor, and recommending that the settlement be approved. (*See* doc. 26.) Although a hearing concerning the matter was initially set for May 11, 2021, it was continued at the request of the parties, and ultimately conducted on July 15, 2021. (*See* docs. 28-31.)

**A.     GAL's Report**

GAL's report states that she reviewed the pleadings in this case, the terms of the settlement, Minor's psychological, auditory, reading, and learning evaluations, and the applicable law. (*Id.* at 1.) She conferenced with Minor's parents, their counsel, Defendant's counsel, a special needs trust attorney, and The Arc of Texas. (*Id.* at 2.)

The report noted that Minor has been diagnosed with dyslexia, auditory processing differences, and emotional trauma, and as a result, he may require access to government benefits in the future. To protect Minor from future disqualification from government benefits based on the proposed settlement, the report recommended that the settlement funds be placed into a pooled Special Needs Trust under 42 U.S.C. § 1396p(d)(4)(c), through the Arc of Texas Master Pooled Trust (the Trust). (*Id.*) Each Trust beneficiary has a separate subaccount, although the funds are pooled together for investment. The Arc of Texas serves as Manager of the Trust, and a financial institution serves as Trustee and

manages the Trust's investments. The Arc of Texas charges an initial set-up fee and a yearly management fee that is based on the percentage of the funds in each subaccount, providing professional management while avoiding high corporate trustee fees. (*Id.* at 3.) There is an established process through which Minor's parents may request disbursement of funds for qualifying expenses above and beyond their general duty of care. Upon termination of a self-settled Special Needs Trust, under § 1396p(d)(4)(c), any remaining funds must be used to reimburse the State of Texas for Minor's lifetime Medicaid expenses. (*Id.*) In order to establish a subaccount with The Arc of Texas, Minor's parents will be required to complete The Arc of Texas' Joinder Agreement and submit a letter from a licensed physician or psychologist stating that Minor meets the criteria for disability for a minor, as defined by the Social Security Administration. (*Id.*) The report concluded that the settlement amount reaching by the parties was fair, reasonable, and in Minor's best interest, and recommended that it be approved. (*Id.*) Alternatively, if Minor does not meet the criteria for a subaccount with the Trust, the report recommended that the settlement be deposited in the registry of the court, to be made available for him when he reaches the age of 18. (*Id.*) Neither Plaintiffs nor Defendant objected to the report.

**B.    Hearing**

At a hearing on July 13, 2021, GAL spoke to the contents of her report. She advised the Court that she had conducted a thorough investigation of the case, which included speaking to the attorneys for the parties and a special needs trust attorney, and a representative of The Arc of Texas, and reviewing psychological and educational reports for the child, the pleadings, and the applicable law. As a result of a motion to dismiss, all claims except for a Title IX student-to-student harassment claim had been dismissed, and she believed that liability on the remaining claim was uncertain and disputed.

GAL had considered the effects of entering into the proposed settlement agreement, which would fully release and forever discharge the defendant of and from Minor's claims that arose out of the events set out in the complaint, and she believed that the proposed agreement was fair and reasonable and in the best interests of Minor and should be approved. The amount of the proposed settlement is $65,000, to be paid as follows: attorneys fees–$26,000; expenses–$1,388.40; and special needs trust for Minor–$37,611.60.

GAL explained that Minor had suffered trauma before the event, was born to parents with substance abuse issues, and suffers from learning difficulties and sensory process disorder. He needed therapy as a result of the event from which this lawsuit arises, and a psychologist who examined him in April 2021 opined that he may need treatment for the rest of his life as well as government benefits in the future. Placement of the settlement funds in a special needs trust will allow him to qualify for those benefits. If placed with a private trustee, the funds would be drained by the amount of the fees. The Arc of Texas is a long-established special needs trust with an easy process for establishing a trust and for parents to request payments. It has been approved by the Social Security Administration and the Texas Health and Human Services Commission. The fee for establishing a subaccount with the trust is between $400 and $600, and Minor's parents have already completed the required paperwork for submission upon Court approval. Plaintiffs' attorney represented that his firm would be paying the trust fee.

GAL and counsel for the parties represented that if the proposed settlement is approved, they will submit an agreed motion and proposed order establishing the special needs trust with The ARC of Texas. They agree that GAL's fees will be paid by Defendant, and that she will seek to be discharged after payment of the fees. The parties expressly did not seek approval of an award of fees.

4

## II. ANALYSIS

Rule 17(c)(2) provides that "[a] minor . . . who does not have a duly appointed representative may sue by [] next friend or [] guardian ad litem," and that a "court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  Appointment of guardians ad litem "is important not only to ensure that the minor's rights and interests are fully protected in cases where the minor is otherwise represented and there may be conflicts of interest, but also to ensure that the minor has proper access to the federal judicial system at all."  *Gaddis v. United States*, 381 F.3d 444, 453-54 (5th Cir. 2004) (citing *Chrissy F. ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d 25, 27 (5th Cir.1989)).  "It is clear in this Circuit that Rule 17(c) [of the Federal Rules of Civil Procedure] authorizes and mandates that district courts appoint a guardian ad litem in the situation where the interests of the minor's general representatives . . . may conflict with the interests of the person, [a] minor child . . . here, who might otherwise be represented by such general representatives." *Id.* at 453; *see also Am. Guar. and Liability Ins. Co. v. ACE Am. Ins. Co.*, 990 F.3d 842, 848-49 (5th Cir. 2021) (if the court finds that a conflict exists between the interests of a next friend on behalf of a minor and the minor, it must appoint a guardian ad litem).

"While federal procedure provides for the appointment of a guardian ad litem, 'the law of the minor's domicile–in this case, Texas–"presumptively ...would control" in determining whether a guardian or next friend may settle a claim on the minor's behalf.'" *Hickson on behalf of Estate of Hickson v. City of Carrollton,* No. 3:18-CV-27470B (BH), 2020 WL 5087781, at *2 (N.D. Tex. Aug. 25, 2020), *recommendation adopted*, 2020 WL 5096680 (N.D. Tex. Aug. 27, 2020) (quoting *Jones v. Burke*, No. SA-14-CA-328-FB (HJB), 2015 WL 13545482, at *1 (W.D. Tex. Aug. 6, 2015) (quoting

*St. John Stevedoring Co., Inc. v. Wilfred*, 818 F.2d 397, 400 (5th Cir. 1987), *recommendation approved,* 2016 WL 9453329 (W.D. Tex. Jul. 8, 2016)). Although Texas law permits a guardian ad litem to enter into settlement negotiations and execute settlement agreements in the best interest of a minor, "'court approval is required to compromise and settle a minor's claims.'" *Id.* (quoting *Jones*, 2015 WL 13545482, at *1 (citing *St. John Stevedoring Co., Inc.*, 818 F.2d at 400).

A.   **Best interests**

"'[A] judgment ratifying the compromise cannot be rendered without a hearing and evidence that the settlement serves the minor's best interest.'" *American Guar. Liability Ins. Co.*, 990 F.3d at 848-49 (quoting *Byrd v. Woodruff*, 891 S.W.2d 689, 705 (Tex. App. 1994, writ denied, dismiss'd by agreement, and withdrawn)). "In evaluating whether an agreement is fair and reasonable, courts consider the facts of the case, the relative certainty of the outcome of any litigation, and costs associated with such litigation." *Elkhayam v. Lufthansa German Airlines*, No. Civ.A. 304CV50K, 2005 WL 743054, at *1 (N.D.Tex. Apr. 1, 2005) (citation omitted), *recommendation adopted*, 2005 WL 1025963 (N.D. Tex. Apr. 28, 2005). "The overarching issue when considering a settlement involving minor plaintiffs, [however,] is whether the settlement is in the best interests of the minors in light of the particular facts of the case." *Baladez v. General Motors, LLC*, No. 1:17-CV-0194-C-BL, 2018 WL 6737978, at *2 (N.D. Tex. Dec. 18, 2018), *recommendation adopted*, 2018 WL 6831109 (N.D. Tex. Dec. 28, 2018).

Based on her written report and her oral report at a hearing, which were unopposed by the parties, as well as independent review, the Court finds that GAL is fully informed regarding the facts of liability, the uncertain and disputed nature of the remaining cause of action, the nature and extent of the damages claimed, and the effects of entering into the settlement agreement. It also finds that

Minor's interests have been properly protected, and that the proposed settlement is fair, reasonable and in his best interests in light of the particular facts of the case. The settlement of $65,000, with $26,000 allocated to attorneys fees, $1,388.40 allocated to expenses, and the remaining $37,611.60 allocated to Minor, should therefore be approved by the Court.

B.     **Special Needs Trust**

GAL recommends that Minor's settlement funds be placed into a pooled Special Needs Trust under 42 U.S.C. § 1396p(d)(4)(c), through the Arc of Texas Master Pooled Trust.

"Section 1396p(d)(4)(A) empowers district courts to establish what is generally referred to as a 'special needs trust' for disabled individuals under the age of 65." *Arnold v. National Cas. Co.*, No. 11-0009, 2015 WL 3971224, at *13 (W.D. La. June 29, 2015). Special needs trusts "are vehicles for the support and care of disabled individuals." *ACS Recovery Servs., Inc. v. Griffin*, 723 F.3d 518, 529 (5th Cir.), *cert. denied sub nom. Larry Griffin Special Needs Trust v. ACS Recovery Servs., Inc.*, 134 S.Ct. 618 (2013)), which "allow a trustee to manage assets for the benefit of a disabled person," *id.* at 539 (concurrence in part).

> The primary purpose of special needs trusts is to allow beneficiaries to maintain eligibility for public benefits-such as Medicaid-while supplementing those benefits so that the beneficiary enjoys a better quality of life. Indeed, Congress and the states sanction the use of special needs trusts as a lawful means of protecting assets to achieve this purpose. This result can be achieved because a special needs trust is irrevocable and there are limits on the source and use of funds, otherwise the trust principal would be considered available to the beneficiary, and the beneficiary would be disqualified from public benefits.

*Arnold*, 2015 WL 3971224, at *13 (quoting *ACS Recovery Servs., Inc.*, 723 F.3d at 539–540 (internal citations and quotations omitted)). The requirements for establishing and maintaining special needs trusts, including that the trust be established for the benefit of a disabled person, and that disbursements be used only for limited and specific purposes, "ensure that they do not operate as a

conduit through which to pass money to the beneficiary or to harbor tainted assets." *ACS Recovery Servs., Inc.*, 723 F.3d at 539.  Texas law authorizes such trusts. *Id.* at 529 (citing Tex. Prop.Code Ann. § 142.005).

The ARC of Texas is a long-standing non-profit Texas corporation that advocates for the rights of individuals with intellectual and developmental disabilities. *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 410 (5th Cir. 2004); *Lelsz v. Kavanagh*, 783 F.Supp. 286, 297 (N.D.Tex. 1991); *see also* https://thearcoftexas.org (last visited July 19, 2021).  As explained by the GAL, it maintains and manages a pooled special needs trust with approval from the Social Security Administration and the Texas Health and Human Services Commission. *See also* https://thearcoftexas.org/trust. "Its effectiveness for sheltering certain assets has been pre-established by negotiation with the HHSC—a process not available to individuals. Moreover, it does not require paying an attorney's fee to establish the trust." 51 Tex. Prac., Elder Law § 13:10 (2020 ed.). At least one court in this district has approved establishment of a special needs trust with The Arc of Texas Master Pooled Trust. *See Griffith ex rel. Estate of Butler v. Nance*, No. Civ.A. 401-CV-0093-A, 2003 WL 21246068, at *1 (N.D.Tex. Mar. 6, 2003).

Based on the reports of GAL, which were unopposed by the parties, as well as independent review, the Court finds that placement of Minor's settlement funds into a pooled Special Needs Trust under 42 U.S.C. § 1396p(d)(4)(c), through the Arc of Texas Master Pooled Trust is in his best interests and should be approved.

### III. RECOMMENDATION

The amount of the proposed settlement, with the minor's settlement funds to be placed into a pooled Special Needs Trust under 42 U.S.C. § 1396p(d)(4)(c), through the Arc of Texas Master

Pooled Trust, should be accepted and approved as being in the bests interests of the minor plaintiff.

**SO RECOMMENDED** on this 19th day of July, 2021.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE